IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID JOSEPH LECHIARA,**

        Petitioner,

v.                                                         **Civil Action No. 1:07cv14**
                                                            **Criminal Action No. 1:05cr39**

**UNITED STATES OF AMERICA,**

        Respondent.

**OPINION/REPORT AND RECOMMENDATION**

On February 2, 2007, the *pro se* petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, along with a Memorandum in Support. The United States filed a response to the petition on July 6, 2007. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.01, et seq., and Standing Order No. 4.

**I. Procedural History**

**A.**     **Conviction and Sentence**

On April 15, 2005, the petitioner signed a plea agreement by which he agreed to plead guilty to Count One of the Information, distributing a quantity of 3 tablets of 4-Methylenedioxymethamphetamine Hydrochloride [MDMA], also known as "Ecstasy," a Schedule I drug controlled substance, as designated by Title 21, United States Code, Section 812(c), in violation of Title 21, United States Code, Sections 84(a)(1) and 841(b)(1)(C). See Plea Agreement (dckt. 6) at ¶ 1. In the plea agreement, both parties stipulated that on or about

1

November 1, 2002, at or near Clarksburg, Harrison County, West Virginia, the petitioner unlawfully, knowingly, and intentionally distributed a quantity of 3 tablets of 4-Methylenedioxymethamphetamine Hydrochloride [MDMA], also known as "Ecstasy." Id. at ¶ 9. On August 4, 2006, the petitioner was sentence to 24 months imprisonment with credit for time served from June 30, 2006, and supervised release for three years.

**B.  Direct Appeal**

The petitioner did not file a direct appeal of his conviction and sentence.

**C.  Federal Habeas Corpus**

Petitioner's Contentions

(1) Ineffective assistance of counsel for

(a) failing to adequately inform the petitioner about his Fifth and Sixth Amendment rights;

(2) Prosecutorial Misconduct; and

(3) Lack of federal jurisdiction.

Government's Contentions

(1) Petitioner was adequately informed about his Fifth and Sixth Amendment rights;

(2) Petitioner's plea agreement was not the product of prosecutorial misconduct; and

(3) The federal government had jurisdiction over the underlying criminal charges.

**II.  Analysis**

**A.  Ineffective Assistance of Counsel**

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief

on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." Strickland at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. Id. at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in Strickland, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364 (1993).

In addition, "a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet." Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). In the case of a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (footnote omitted); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland 466 U.S. at 694.

It is further noted that a Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Strickland 466 U.S. at 689-90. Moreover, there are no absolute rules in determining what is reasonable performance. See Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995) (counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

(1) Failing to Make Petitioner Aware of his Fifth Amendment and Sixth Amendment Rights

3

In this ground, petitioner asserts that he was denied the effective assistance of counsel during his proceedings. Specifically, the petitioner claims that his counsel neglected to challenge his information for its failure to state a federal felony crime. Petitioner asserts that Title 21 of the United States Code is a "non-positive law," and thus fails to meet the constitutional requirements of both the Fifth and Sixth Amendments. However, petitioner is mistaken in his interpretation of the law. According to Black's Law Dictionary (8th Ed. 2004), positive law is defined as:

> a system of law promulgated on and implemented within a particular political community by political superiors, as distinct from moral law or law existing in ideal community or in some nonpolitical community. Positive law typically consists of enacted law– the codes, statutes, and regulations that are applied in courts.

Here, the controverted statute, 21 U.S.C. § 841, is a positive law, despite petitioner's colorful contention. The statute was enacted October 27, 1970 and became effective July 1, 1971. See 21 U.S.C. § 841. Hence, this law has been appropriately enacted by the federal government and constitutes, in its entirety, an applicable law. Therefore, 21 U.S.C. § 841 is by definition a positive law.

Furthermore, the petitioner incorrectly asserts that the statute by which he was sentenced did not provide a penalty. The petitioner pleaded guilty to a 21 U.S.C. § 841(a)(1) violation. Accordingly, the punishment for the petitioner's violation is found under 21 U.S.C. § 841(b)(1)(C), which explicitly provides that a person in violation of § 841(a) " shall be sentenced
to a term of imprisonment of not more than 20 years." Petitioner was sentenced to a term of 24 months imprisonment, well within the sentencing range of "not more than 20 years." Hence,

4

petitioner was sentenced properly under the statute.

**B.    Prosecutorial Misconduct**

In the present case, the petitioner contends that the United States violated its prosecutorial discretion by charging the petitioner through an Information and not an Indictment, without his knowledge or consent.  However, the petitioner's recollection of the facts is cloudy at best.  According to Rule 7(b) of the Federal Rules of Criminal Procedure, "[a]n offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant--in open court and after being advised of the nature of the charge and of the defendant's rights--waives prosecution by indictment."  On May 2, 2005, during his Rule 11 hearing and in the presence of his counsel, the petitioner signed a Waiver of Indictment.  See Waiver of Indictment (dckt. 5).  The waiver clearly states that the petitioner was waiving his right to an open court prosecution by indictment and *consents that the proceeding may be by information instead of by indictment*. Id. (emphasis added).  Furthermore, during the Rule 11 hearing, the Court thoroughly explained the petitioners's right to proceed by a Grand Jury indictment, the petitioner's constitutional right to proceed by an indictment, and the United States' ability to charge him by Information only by his waiver of this right. See Plea Hearing Transcript (dckt. 88) p. 7.  After the Court explained the process, the petitioner responded in the affirmative that he understood the process and was waiving his right to proceed by information. Id. at 7-8.

Furthermore, petitioner claims that he was compelled to enter a guilty plea under duress and threat**.**  Additionally, in his memorandum, petitioner alleges that, upon the, "advice of counsel and inducements and hopes of mercy or leniency at sentencing" he was coerced or

5

compelled to enter a plea of guilty. See Memorandum in Support of Motion (dckt. 1) p. 20. Again, however, petitioner's lengthy assertion goes against his previous statements. During his Rule 11 hearing, petitioner stated in open court that he was not forced or threatened into the plea. See Plea Hearing Transcript (dckt. 88) pp. 29-30. Moreover, petitioner stated the Government did not promise him anything other than sentencing recommendations, and he understood that the Government's sentencing recommendations were non-binding. Id. The Court found that petitioner was competent and capable of entering an informed guilty plea, that his plea was knowing and voluntary, and accepted the guilty plea. Id. Therefore, petitioner's recollection of the proceedings is misguided and lacks merit, and thus should be dismissed.

**C.  Lack of Federal Jurisdiction**

In this claim, petitioner asserts that, because his criminal conduct took place at a named address in Harrison County, West Virginia, the United States retains no federal jurisdiction over the underlying claim. Specifically, petitioner contends that the Federal Government lacks jurisdiction because it did not obtain custody, control, or jurisdiction over the land or property where the drug trafficking took place.

Subject-matter jurisdiction over federal criminal prosecutions is conferred on district courts by 18 U.S.C. § 3231. As the Fourth Circuit has stated "subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That is the beginning and the end of the "jurisdictional" inquiry" United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006) (quoting from Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999)).

In the present action, petitioner was prosecuted for a federal offense. The federal

government prosecuted the petitioner for a violation of 21 U.S.C. § 841(a)(1), which provides in part that it is "unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance...." 21 U.S.C. § 841(a)(1) is a federal statute, and is not related to any West Virginia state statute. Therefore, a violation of § 841(a)(1) is a violation against the laws of the United States, not a violation against the laws of West Virginia. Therefore, the federal government had jurisdiction.

## III. Recommendation

For the reasons set forth herein, the undersigned recommends that the Court enter an Order **DENYING** petitioner's § 2255 motion and **DISMISSING** this case with prejudice.[1]

Within ten (10) days after being served a copy of this Opinion/Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the

---

[1] The undersigned notes that the government also argues that the petitioner waived his collateral rights under the waiver provision of the plea agreement:

> 12. The above paragraph notwithstanding, the defendant will retain his appellate rights with respect to any sentence imposed above the applicable Guideline range at an adjusted offense level 12 or higher. This reservation of rights is designed to ensure that the United States and the defendant retain the benefits of the plea agreement. It is not intended to represent the defendant's estimation of what an appropriate or reasonable would or should be. Nor does this reservation of rights prevent the defendant from arguing for a sentence below an adjusted Guideline offense level of 12.

Plea Agreement (dckt. 6) at ¶ 12.

Although the transcripts of both the petitioner's Rule 11 hearing and sentencing hearing, showed that Court informed the petitioner that the aforementioned waiver of his appellate rights might include a waiver of his right to collaterally attack his sentence under § 2255, the undersigned is not convinced that this waiver is sufficient enough to successfully bar review of the petitioner's § 2255 petition. Nevertheless, the undersigned need not reach that question because the petitioner's underlying claim is without merit.

7

Recommendations to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendations. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn,</u> 474 U.S. 140 (1985); <u>Wright v. Collins,</u> 766 F.2d 841 (4th Cir. 1985); <u>United Stats v. Schronce,</u> 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATED: June 4, 2008

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE