**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DAVID JOSEPH LECHIARA,**

       **Petitioner,**

**v.**                                   **Civil Action No. 1:07cv14
Criminal Action No. 1:05cr39**

**UNITED STATES OF AMERICA,**

       **Respondent.**

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

Pending before the Court is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by <u>pro</u> <u>se</u> petitioner David Joseph Lechiara ("Lechiara"). For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (dkt. no. 22) and **ORDERS** that Lechiara's § 2255 petition (dkt. no. 1) be **DISMISSED WITH PREJUDICE.**

### I. Background

Lechiara's petition seeks to vacate, set aside, or correct his sentence on February 2, 2007. After the United States responded to the petition on July 6, 2007, on referral for initial review pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule of Prisoner Litigation Procedure 83.15, Magistrate Judge John S. Kaull reviewed Lechiara's claims, and submitted an Opinion/Report and Recommendation ("R&R") on June 4, 2008, in which he recommended that Lechiara's 28 U.S.C. § 2255 petition be dismissed. Lechiara

ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

timely filed his objections to the Magistrate Judge's R&R on June 16, 2008, in which he argues that the provisions of 28 U.S.C. § 2255 do not permit a magistrate judge to review habeas corpus petitions. He also contends that Magistrate Judge Kaull erred in finding that Lechiara might have waived his rights to collaterally attack his sentence via a habeas corpus petition in his plea agreement, that he did not suffer from prosecutorial misconduct or ineffective assistance of counsel, this Court had jurisdiction over his case, and that Title 21 of the United States Code is a positive law.

## II. Analysis

After performing a _de novo_ review, the Court finds that only two of Lechiara's objections to Magistrate Judge Kaull's R&R set forth new arguments. The remaining objections merely restate arguments that Lechiara has made in past filings, and which the Magistrate Judge addressed in the R&R. Specifically, Lechiara's objections to the findings on ineffective assistance of counsel, prosecutorial misconduct, and Title 21 of the United States Code are without merit and raise no new issues. Thus the Court adopts the Magistrate Judge's findings on these claims in full and turns, to Lechiara's objections regarding the Magistrate Judge's authority

2

ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

to perform an initial review of Lechiara's habeas corpus petition and his alleged waiver of his collateral attack rights.

### A. The Magistrate Judge's Authority to Perform an Initial Review of Lechiara's Habeas Corpus Petition

Title 28 of the United States Code, Section 636, sets forth the conditions under which a district court may refer a matter to a magistrate judge for his consideration. With the exception of certain matters not at issue in this case, "a [district court] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A) (2008). Furthermore, "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)." 28 U.S.C. § 636(b)(1)(B). With respect to habeas petitions filed pursuant to § 2255,

> a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), <u>of applications for posttrial relief made by individuals convicted of criminal offense</u> and of prisoner petitions challenging conditions of confinement.

ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

Id. at § 636(b)(1)(B).  After the magistrate judge makes his findings, he "shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to the parties."  28 U.S.C. § 636(b)(1)(C).

Pursuant to its Local Rules of Prisoner Litigation, the Northern District of West Virginia refers all 28 U.S.C. § 2255 petitions to a magistrate judge for an initial screening.  See N.D.W.Va. Local Rules of Prisoner Litigation Procedure ("LR PL P") 83.15.  After receiving the referral, the magistrate judge to whom the case has been referred

> is authorized to consider the record and do all things proper to recommend disposition of any dispositive motions filed in the action and to rule upon any non-dispositive motions, including, without limitation, conducting a hearing on motions, if necessary, and entering into the record a written order setting forth the disposition of the motions or recommendation for disposition, as the case may warrant.

LR PL P 72.01.

Lechiara nevertheless contends that a magistrate judge has no authority to review his habeas petition.  However, under 28 U.S.C. § 636 and the LR PL P 83.15, a magistrate judge clearly does have this authority, and Lechiara's objection is without merit.  See Freeman v. County of Bexar, 142 F.3d 848, 851 (5th Cir. 1998) ("There is no doubt that district courts may, both constitutionally and by statute, assign magistrate judges to work on dispositive

ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

motions in a case, but the Article III judge must retain final
decisionmaking authority.").

## B. Waiver of Collateral Attack Rights

Lechiara objects to Magistrate Judge Kaull's finding that he
"might" have waived his collateral attack rights in his plea
agreement.  In that agreement, Lechiara waived his appellate
rights for the sentence he received, but did not specifically
waive his right to collaterally attack the sentence through a
habeas petition.  Although the Government argued that waiver
could apply, Magistrate Judge Kaull specifically found that
Lechiara's waiver of appellate rights was not "sufficient enough
to successfully bar review of the petitioner's § 2255 petition."
Moreover, the Magistrate Judge reviewed Lechiara's petition on
its merits, and made recommendations based on the merits of each
claim.  In performing its de novo review, this Court has also
reviewed the merits of each claim.  Accordingly, Lechiara's
objection on this ground is moot.

## III. Conclusion

For the reasons stated, the Court **ADOPTS** Magistrate Judge
Kaull's R&R in its entirety (dkt. no. 22) and **DISMISSES WITH
PREJUDICE** Lechiara's § 2255 petition (dkt. no. 1).

It is so **ORDERED**.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

The Court **DIRECTS** the Clerk to transmit a copy of this Order to counsel of record and to the pro se petitioner, by certified mail, return receipt requested.

DATED: November 6, 2008.


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE